OPINION of the Court, by
Judge Losan.
-This was a suit in chancery injoining a judgment in ejectment, and praying that Gerault, the patentee, and Kirk-ham, a subsequent purchaser, should be compelled to convey certain land to the complainant, and for general relief.
William Clarke, as the agent of Gerault, sold his military land warrant to one Archer : in consideration of which he received the bond of a certain Skinner and Imlay, payable to Gerault. This bond Gerault denies that he ever received, or any consideration on account thereof; and seems to rest his defence, that owing to this circumstance the title could not be forced from him ; and moreover, to have entertained the opinion that the bargain was thereby vacated, and he at liberty to sell the land a second time. Under this idea, having obtained the patent for the land in his own name, m consequence oí the warrant not having been assigned by an endorsSment thereon, but the right transferred on a separate writing, he again by another agent, sold and conveyed the land to Kirkham his co-defendant, who seems to have been fully apprised of the first sale.
The agency of Clarke, acknowleged and ratified by Gerault, was competent to dispose of said warrant. He sold it to Archer, and received the bond of Skinner and Imlay, payable to Gerault for the same. Archer was most obviously not answerable for their solvency ; he bought, and the plain inference is, satisfied those men whose bond was received payable to Gerault.
G. having- fold the land a fe • cond time, was guilty oí a fraud which renders him responiihle to A. for the pre-ferí!: value of She land.
But it moreover appears, that considerable indulgence was given before an}' step was taken towards enforcing the payment of this debt ; when Mr. Clarke the agent put the bond into the hands of a Mr. Terrell, and took his receipt for the same, for the purpose of having suit instituted thereon against the obligors ; this receipt he afterwards delivered over to another agent of Gerault,
Now what has become of the bond ; whether the money may not have been paid, or what other steps have been taken for its collection, have not been shewn. But it was surely not incumbent on Archer to shew these facts, because he had no power over the bond, or control in its collection.
But suppose Archer remaining answerable for the payment of the debt, and it by no means follows that the bargain was thereby affected. It does not even appear that he was ever informed of the failure of Skinner and Imlay to pay the debt. In fact not one circumstance is shewn to warrant an action against him as accountable for the failure of the obligors, if he had been liable for the same. But Gerault seems to place the bargain on the supposed condition that it was void in the event of Skinner and Imlay not paying the money ; and even this he has not shewn.
We come now to examine the defence relied on by Kirkham. This seems to reduce itself to the single point of having been persuaded and induced by the complainant to make the purchase of the land in question.
The complainant had commenced a suit in chancery, and obtained a decree in the. Lexington district court against Gerault, for a conveyance of said land, as a purchaser holding in virtue of the sale to Archer. But neither the land nor defendant were within that district.
He afterwards commenced a suit in the circuit: court for Barren county, ia which the land lies, against Ge-rault, founded on the former decree and the equity of his case. Pending this suit Kirkham made the purchase alleged., hinder these circumstances, he resided on part of the same land, and Anderson, the complainant, applied to him relative to the purchase of said land from another agent of Gerault, and stated that he expected both Kirkham and himself would be dispossessed of the land ; advised Kirkham. to purchase it, saying that *545 lie caul 1 not purchase, because if he did he would have no recourse on the man from whom he had before f)ur-chased. •
Kiiláam «ame time thereafter, purchased and procured the conveyance of said land ; and thereupon commenced his action of ejectment, and recovered'! judgment against Anderson, whdhas applied to a court of chancery to compel Kirkham, as a purchaser with notice, to convey said lar.«;l to him.
To this application it need only be observed, that' the conduct of a party to merit the interposition of á court of chancery in his favor against a legal right, must appear to have been fair, just and reasonable. Rut the complainant having applied to, and first induced the defendant Kirkham to make the purchase, cannot be considered as intitled to the aid of a court of chancery in asking relief against his own wrong ; for this reason, the decree of the court belotv must be reversed.
But from what has already been said, it is the opinion of this court, that Gerault was guilty of a fraud in the sale of the same land a second time, having before sold it by Widiam Clarke,, as his agent. We are therefore, according to the decisions of this court, in the cases of M'Connell's heirs vs. Dunlap's devisees, (Hard. Rep. 41) Fisher's heirs vs. Kay, (ante 440) and Patrick vs. M'Connell's heirs, (ante 47) of opinion, that under the general relief prayed for by the complainant, he was entitled to recover from Gerauk the value of the said land which he had purchased, and which was sold to Kirkham as aforesaid, to be estimated at the time of swearing the jury.
Wherefore the decree of the circuit court is reversed and set aside ; and it is further ordered that the appellee do pay to the appellant Kirkham, his costs, and that the cause be remanded for further proceedings agreeable to the foregoing opinion.